IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAW RONALD WENSEL, | | |
| | Petitioner, | No. CIV S-08-1066 JAM GGH P |
| vs. | | |
| MICHAEL MARTEL, et al., | | |
| | Respondents. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed May 16, 2008.  Petitioner alleges that the California Department of Corrections and Rehabilitation (CDCR) miscalculated his minimum eligible parole release date (MEPD).

        Pending before the court is respondent's July 23, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations and fails to state a federal claim. After carefully considering the record, the court recommends that respondent's motion be denied.

/////

/////

/////

/////

1

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent argues that the triggering date for the statute of limitations is the day on which CDCR set petitioner's MEPD, which occurred in 1996.

When the prisoner challenges an administrative decision, such as the calculation of the MEPD in the instant case, the one-year statute of limitations begins to run on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). The Ninth Circuit has found that the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence is, generally, the date the administrative decision became final. Shelby, 391 F.3d at 1065-1066. For example, in Redd, a case challenging a finding of parole unsuitability, the Ninth Circuit held that the limitations period began to run when the Board of Parole Hearings denied the prisoner's administrative appeal challenging the decision denying parole. In Shelby, a case challenging the

1  validity of a prison disciplinary, the Ninth Circuit held that the limitations period began to run the
2  day after the prisoner received timely notice of the denial of his administrative appeal
3  challenging the at-issue disciplinary decision.
4  	Attached to the petition as an exhibit is a Director's Level Decision dated January
5  16, 2007, denying petitioner's administrative grievance alleging that his MEPD was
6  miscalculated. While petitioner admits that he filed administrative appeals regarding this issue in
7  1996 or 1997, he did not actually exhaust his administrative remedies until January 16, 2007.
8  Pursuant to Redd and Shelby, the court finds that the limitations period for petitioner's claim
9  runs from January 16, 2007. Petitioner had one year from that date, i.e. until January 16, 2008, to
10 file a timely federal petition. The instant action, filed May 16, 2008, is not timely unless
11 petitioner is entitled to statutory or equitable tolling.
12 	Section 2244(d)(2) provides that the time during which a properly filed
13 application for State post-conviction or other collateral review with respect to the pertinent
14 judgment or claim is pending shall not be counted toward any period of limitation.
15 	Attached to the petition as exhibits are copies of petitioner's pleadings in state
16 court. On February 20, 2007, petitioner filed a habeas corpus petition in the San Joaquin County
17 Superior Court. Petition, court file document no. 1, p. 13 of 62. On May 2, 2007, the San
18 Joaquin County Superior Court denied petitioner's habeas petition in a reasoned petition
19 addressing the merits of the claims. Id. p. 9 of 62. On August 2, 2007, the California Court of
20 Appeal denied petitioner's habeas petition without comment or citation. Id., p. 11 of 62. On
21 February 20, 2008, the California Supreme Court denied petitioner's state habeas petition
22 without comment or citation. Id., p. 12 of 62.
23 	The court observes that none of petitioner's state petitions were denied as
24 untimely. In addition, while the court does not know the date on which petitioner filed his
25 petitions in the California Court of Appeal and California Supreme Court, it does not appear that
26 he waited an unreasonable time to file his state petitions. Respondent also does not argue that the

petitions were filed after an unreasonable amount of time.[1]  Therefore, petitioner's state petitions were pending from February 20, 2007, to February 20, 2008, i.e. 365 days.  Adding 365 days to January 16, 2008, would make the instant action due on or before January 16, 2009. The instant action, filed May 16, 2008, is timely.  Accordingly, the motion to dismiss on grounds that this action is barred by the statute of limitations should be denied.

Respondent also moves to dismiss the petition on grounds that petitioner fails to allege a federal law claim.  As stated above, petitioner argues that CDCR miscalculated his MEPD.  He argues that his MEPD should be in 2007, rather than the presently calculated 2014, because the sentencing judge intended to stay seven years of enhancements.  Respondent argues that this claim alleges a violation of state law only.

Under California law, prisoners serving indeterminate life sentences, like petitioner, become eligible for parole after serving minimum terms of confinement required by statute.  In re Dannenberg, 34 Cal.4th 1061, 1069-70, 23 Cal.Rptr.3d 417 (2005).  At that point, California's parole scheme provides that the Board of Parole Hearings (BPH) "shall set a release date unless it determines that the gravity of the current convicted offenses or offenses, or the timing and gravity of current or past convicted offense or offenses is such that consideration of the public safety requires a more lengthy period of incarceration."  Cal. Penal Code § 3041(b).

California's statutory scheme governing parole "creates in every inmate a cognizable liberty interest in parole which is protected by the procedural safeguards of the Due Process Clause."  Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003).  Due process requires that once the inmate has passed his MEPD date, "some evidence" must support a decision by the BPH finding a prisoner unsuitable for parole.  Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1125 (9th Cir. 2006).

---

[1] In Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006) the Supreme Court held that only a timely petition may statutorily toll the statute of limitations.  Unreasonable delays between the filing of state petitions will render a state petition untimely even if the state court does not expressly find that a petition was out of time.  546 U.S. at 198-200, 126 S.Ct. at 852-854.

1    If petitioner has a liberty interest regarding his parole suitability, he must also
2 necessarily have a liberty interest in having the date on which he is considered eligible for parole,
3 i.e. his MEPD, properly calculated.  To find otherwise would make no legal sense.  For this
4 reason, respondent's motion to dismiss on grounds that petitioner alleges a state law claim only
5 should be denied.

6    Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 23, 2008,
7 motion to dismiss (no. 8) be denied; and respondent be ordered to file an answer to the petition
8 within thirty days of the adoption of these findings and recommendations.

9    These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
11 days after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 shall be served and filed within ten days after service of the objections.  The parties are advised
15 that failure to file objections within the specified time may waive the right to appeal the District
16 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 DATED: December 3, 2008

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

we1066.mtd