IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAW RONALD WENSEL,

    Petitioner,               No. CIV S-08-1066 JAM CHS P

    vs.

MICHAEL MARTEL, et al.,

    Respondents.        FINDINGS AND RECOMMENDATIONS

                            /

I.    INTRODUCTION

        Petitioner Shaw Wensel is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the California Department of Corrections and Rehabilitation's ("CDCR") calculation of his minimum eligible parole date ("MEPD").

        Upon careful consideration of the record and the applicable law, it is recommend that this petition for habeas corpus relief be denied.

II.    FACTUAL AND PROCEDURAL BACKGROUND

    A.    Facts

        On July 17, 1995, the San Joaquin County Superior Court sentenced petitioner as follows:

1

1    THE COURT: Okay.  Count Number 1, the Court will sentence the
     defendant on the charge of 664/187 of the Penal Code, attempted
2    murder, with the special findings that the attempted murder was
     willful, deliberate, premeditated, he is sentenced to the life term.
3    Probation is denied.

4    In terms of the enhancements, first of all, we have the 12022.5 use
     of the firearm, for that particular enhancement, the Court will
5    select the mid term which is the four years.

6    And then for the 12022.7 the great bodily injury, the Court picks
     the three years.  Of course, that's the statutory amount.  So it's a
7    total of seven years to life on Count Number 1.

8    That's the indeterminate term under 1168 of the Penal Code.

9    In turning to the determinate term, the Court will rule that this will
     be a consecutive sentence, and for the reason is that the objectives
10   in the first count and the second and third count were independent
     and not dependent upon one another.
11
     The Court, however, is going to make the (sic) Count 2 and Count
12   3 run concurrently.  And for that reason, the Court can cite that the
     crimes were committed at the same place and represent a single
13   period of aberrant behavior.

14   Count Number 2, the charge of 664/459 of the Penal Code, first
     degree attempted burglary, the Court will select the mid term on
15   that, total of two years.

16   For the 12022.5, the use of the firearm, it will impose the mid term
     of four years and stay that, since we have imposed that in the
17   indeterminate term.

18   Also, the 12022.7, the great bodily injury, we will impose the three
     year term on that and also stay, because we sentenced him on the
19   indeterminate term, the three years for the GBI.

20   The Court will make that the principal term.  The subordinate term
     will be Count Number 3, the charge of 12020 of the Penal Code,
21   the Court will order that run concurrent and will pick the mid term
     of two years on that.  Will order that stayed upon completion of the
22   sentence in Count Number 2.

                                    * * *
23
     THE COURT: Okay.  So the Court then notes that in the
24   indeterminate term, he has seven years to life sentence.  And on
     the determinate term, he has a total of two years to serve.
25   /////

26   Answer, Exhibit 1 at 2-10, Ex. 5 at 27-29.

                                      2

In 1996, petitioner was convicted of carjacking with an enhancement for use of a firearm in the San Joaquin County Superior Court, case number SC58819. Answer, Ex. 1 at 12. Petitioner was sentenced to five years for the carjacking and five years for the enhancement with both sentences to run consecutive to the life term he was already serving. Answer, Ex. 3 at 19.

On September 22, 2006 CDCR calculated petitioner's MEPD to be October 4, 2014. Answer, Ex. 4 at 45. Petitioner appealed this calculation through the Director's Level, which determined after review that CDCR's calculation was correct. Id. at 22-34.

B. State Habeas Review

On February 20, 2007, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. Answer, Ex. 5 at 5. That court denied that petition in a reasoned decision on May 2, 2007. Id. at 2-3.

Petitioner then petitioned the California Court of Appeal for the Third Appellate District on July 25, 2007. Answer, Ex. 6 at 4. That court summarily denied that petition on August 2, 2007. Id. at 2. Petitioner next petitioned the California Supreme Court on September 5, 2007. Answer, Ex. 7 at 3. That court summarily denied that petition on February 20, 2008. Petitioner filed this federal petition on May 16, 2008.

/////

IV. APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

3

>     determination of the facts in light of the evidence presented in the
>     State court proceeding.

/////

28 U.S.C. § 2254(d).

Although "AEDPA does not require a federal habeas court to adopt any one methodology," Lockyer v. Andrade, 538 U.S 63, 71 (2003), there are certain principles which guide its application.

First, the "contrary to" and "unreasonable application" clauses are different. As the Supreme Court has explained:

>     A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in [Williams v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

/////

Bell v. Cone, 535 U.S. 685, 694 (2002). It is the habeas petitioner's burden to show the state court's decision was either contrary to or an unreasonable application of federal law. Woodford v. Visciotti, 537 U.S. 19, 123 S. Ct. 357, 360 (2002). It is appropriate to look to lower court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 2000).

Second, the court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). So long as the state court adjudicated petitioner's claims on the merits, its decision is entitled to deference, no matter how brief. Lockyer, 538 U.S. at 76; Downs v. Hoyt, 232 F.3d 1031, 1035 (9th Cir. 2000).

4

/////

Third, in determining whether a state court decision is entitled to deference, it is not necessary for the state court to cite or even be aware of the controlling federal authorities "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2003). Moreover, a state court opinion need not contain "a formulary statement" of federal law, so long as the fair import of its conclusion is consonant with federal law. Id.

## V. DISCUSSION OF PETITIONER'S CLAIM

### A. Violation of Due Process

#### 1) Description of Claim

Petitioner argues that CDCR erred in calculating his MEPD by adding seven years for sentence enhancements that were stayed and already included "in the life term." Petition at 6. He argues that his MEPD is actually October 4, 2007 and that by miscalculating his MEPD the state has violated his right to due process. Id. at 4-6.

#### 2) State Court Opinion

The San Joaquin County Superior Court rejected petitioner's argument finding "no error" in CDCR's calculation and stating:

> The record indicates that on June 21, 1995, Petitioner was sentenced to a life term with seven years on enhancements in Case # SC58528. Petitioner was then given a sentence of two years on Case # SC58819, with the enhancements stayed in light of the sentence in Case # SC58528.
>
> * * *
>
> The law is clear that "Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determinate term of imprisonment shall be served first." See Penal Code, section 669. The record reflects that the Department of Corrections calculated Petitioner's sentence in accordance with the sentences imposed and the statutes.

1  Answer, Ex. 5 at 1-2.[1]

2              3)     Applicable Law and Discussion

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A person alleging due process violations must first demonstrate that he or she was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution or state laws. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." McQuillion, 306 F.3d at 901 (quoting Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 12 (1979)). In this regard, it is clearly established that California's parole scheme provides prisoners sentenced in California to a state prison term that provides for the possibility of parole with "a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause." Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007) (citing Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003); McQuillion, 306 F.3d at 903; and Allen, 482 U.S. at 377-78 (quoting Greenholtz, 442 U.S. at 12)). It was previously stated in this case that because petitioner has a

---

[1] It appears that the San Joaquin County Superior Court mistakenly cited case number SC58819 instead of case number SC58528.

6

liberty interest in the receipt of a parole release date, "he must also necessarily have a liberty interest in having the date on which he is considered eligible for parole . . . properly calculated." Docket # 18 at 5. Petitioner however must show that there has been a depravation of that liberty interest, i.e., that his MEPD has in fact been improperly calculated.

The crux of this dispute concerns count 1of the 1995 sentence. Encompassed in that count was a term for attempted murder, an enhancement for use of a firearm and an enhancement for the infliction of great bodily injury. Answer, Ex. 5 at 27. Petitioner argues that his entire sentence under this count was seven years to life because the trial judge stated petitioner's sentence was for "a total of seven years to life on Count Number 1." Reply at 1. Respondent counters that petitioner's actual sentence was life with the possibility of parole for the attempted murder plus seven years for the enhancements. Answer at 6.

The sentencing transcripts and abstract of judgment show that petitioner was sentenced to a life term for attempted murder plus seven years for the two enhancements. Answer, Ex. 1 at 2; 5 at 27. Under California law, enhancements not stayed or stricken must be served consecutively to petitioner's attempted murder conviction. Cal. Penal Code § 1170.1(d). That seven year period however does not account for the minimum time petitioner must serve for his term of life with the possibility of parole. Under that term California law requires that petitioner serve "at least seven calendar years." Cal. Penal Code § 3046. This additional seven years appears to account for the difference between what petitioner believes his MEPD should be, October 4, 2007, and what CDCR calculated it to be, October 4, 2014.

While petitioner's interpretation of the trial judge's statement is understandable, that statement and CDCR's MEPD calculation are not mutually exclusive and it was unlikely that the trial judge had petitioner's MEPD calculation in mind when he was discussing petitioner's sentence. Regardless, petitioner has failed to provide evidence rebutting the findings of the San Joaquin County Superior Court. AEDPA requires federal habeas courts to presume the correctness of state courts' factual findings unless a petitioner rebuts this presumption with

7

1  "clear and convincing evidence." § 2254(e)(1).  Petitioner has not provide such evidence and
2  therefore has not shown that he has been deprived of any liberty interest.  Petitioner is not
3  entitled to relief on this claim.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2009

_/s/ Charlene H. Sorrentino_
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE